EARL W. WOLFE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wolfe v. Commissioner
Docket No. 25004-82.
United States Tax Court
T.C. Memo 1985-289; 1985 Tax Ct. Memo LEXIS 344; 50 T.C.M. (CCH) 156; T.C.M. (RIA) 85289; June 17, 1985. *344 Earl W. Wolfe, pro se. Juandell D. Glass, for the respondent. GOFFE MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6654 [1]
Sec. 6653(a)
Sec. 6651(a)(1)
1974
$9,455.92
$301.83
$472.80
$2,364.00
1975
23,130.01
998.29
1,156.50
5,782.50
1976
15,761.30
587.27
788.07
3,940.35
1977
11,384,69
405.54
569.23
2,846.15
The Commissioner determined the gross income, business deductions, personal deductions, taxes, and filing status because petitioner failed to file returns. The Commissioner also determined additions set forth above. Petitioner also failed to prepare for trial, therefore, this opinion sets forth the Court's reasons for dismissing the case for failure properly to prosecute. FINDINGS OF FACT Some of the facts have *345 been stipulated. The stipulation of facts and exhibit are so found and incorporated by this reference. Petitioner resided in Tulsa, Oklahoma, when he filed his petition in this case. He filed no Federal income tax returns for the taxable years 1972 through 1977, inclusively. Petitioner received his law degree in 1962 and has been a practicing attorney since 1967. He maintained books and records of his legal practice during the years 1974 through 1977 on the cash method of accounting. The Commissioner, in the statutory notice of deficiency mailed to petitioner on July 20, 1982, determined the gross receipts and operating expenses of petitioner's legal practice as well as allowances for personal exemptions, standard deductions, general tax credits, and additions to tax for failure to pay estimated tax, negligence, and failure to file returns. OPINION The case has been at issue since November 12, 1982. [2] On August 22, 1984, the Court served upon petitioner a notice of trial, setting the case for trial at the trial session in Tulsa, Oklahoma, commencing on November 5, 1984. When the Court called the calendar the parties requested that the case be heard at the end *346 of the trial session in order to give them more time to prepare for trial. As the trial calendar progressed the case was set and reset until it was ultimately set for trial on Friday afternoon at 3:20 p.m., November 9, 1984. This was the last day of the trial session. The parties filed a meager stipulation of facts and the statutory notice of deficiency was the only exhibit stipulated. Counsel for respondent orally moved to preclude petitioner from introducing any documentary evidence. As the basis for his motion counsel for respondent made representations to the Court which petitioner did not dispute. It was represented that petitioner in his practice prepared tax returns for others. Petitioner never appeared before the Appeals Division on his own case. The statutory notice of deficiency was mailed by the District Director of Internal Revenue. In September 1981, petitioner was furnished with details of the Commissioner's determination of his income and expenses and details of the analysis of his bank records. On August 6, 1984, petitioner met with counsel for respondent and agreed to furnish to counsel for respondent by the middle of September *347 documents which he intended to offer at trial. Counsel for respondent received nothing. On October 4, 1984, counsel for respondent mailed a letter to petitioner in which he enclosed the "bare bones" stipulation of facts that was filed and again requested petitioner to furnish the documents that he intended to offer at trial. Petitioner never replied to this letter, yet he appeared at trial with two large boxes of records. The only explanation petitioner offered at trial was that he was a sole practitioner and was very busy and that the Internal Revenue Service had copies of the documents contained in the boxes in the courtroom. He admitted that he only started going through the documents the week before the trial session began. He also admitted that he received with the notice of trial an attachment over the signature of the Clerk of the Court in which the Clerk advises the parties what the trial Judge expects of them. The relevant portions of that attachment are as follows: In accordance with Rule 91 of the Court's Rules, all facts are to be stipulated to the maximum extent possible. Judge Goffe expects all written evidence to be stipulated, except where a question of *348 authenticity is involved or the written evidence is to be used to impeach the credibility of a witness. Objections on the ground of materiality or relevancy may be reserved in the stipulation. * * * * * * In addition Judge Goffe directs that counsel in those cases which are expected to be tried submit trial memoranda at the calendar call. The trial memoranda should outline the issues involved; the witnesses to be called, if any; the nature of the testimony which each witness is expected to give in sufficient detail to provide a clear understanding of the case; and a law and argument section setting forth the primary legal authority on which the party relies. If questions of the admissibility of evidence are anticipated, these should be covered in the trial memorandum. Trial memorandum may be forwarded to Judge Goffe in Washington, D.C., one week before the trial session commences if counsel so desires. Trial memoranda and stipulations of facts shall be ready for submission no later than at the call of the calendar. * * * [Emphasis added.] Petitioner filed no trial memorandum. This is an exceptional case of the failure of the petitioner, an attorney, to *349 cooperate with the respondent and with the Court. This type of conduct cannot be tolerated or condoned. Petitioner apparently gave no more attention in preparing his case for trial than he did to filing his Federal income tax returns for six years. Under these circumstances, we dismiss this case for failure properly to prosecute under Rule 123(b) of the Court's Rules of Practice and Procedure. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and all Rule references are to the Rules of Practice and Procedure of this Court.↩
2. Rule 38.↩